United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZATREA EVANS, | No. C-08-4993 MMC |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND FOR ATTORNEY'S FEES AND COSTS** |
| v. | |
| ALLIEDBARTON SECURITY SERVICES, LLP, et al., | |
| Defendants. / | |

Before the Court is plaintiff's "Motion for Order Remanding Case to State Court and Award of Attorneys' Fees and Costs," filed May 2, 2009, by which plaintiff seeks (a) an order remanding the instant action to state court, on the ground that, according to plaintiff, none of her claims are preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("§ 301"), and (b) an award of attorney's fees and costs. On May 22, 2009, defendants AlliedBarton Security Services, LP and Kelly Murcray and defendants Bayer HealthCare LLC and Christopher Loo, respectively, filed opposition thereto, to which plaintiff has filed a single reply responding to both oppositions. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.

1. Contrary to defendants' arguments, plaintiff's First through Seventh Causes of Action, and her Ninth Cause of Action, each of which is brought under California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900, et seq., are not

preempted by § 301.  In particular, although the applicable collective bargaining agreement ("CBA") likely will be referenced to determine the terms and conditions of plaintiff's employment, the CBA need not be "interpreted" to resolve plaintiff's claims that she was discriminated against and harassed on the basis of her race and sex, and/or retaliated against for her complaints of such discrimination and harassment.  See Ramirez v. Fox Television Station, Inc., 998 F.2d 743, 748-49 (9th Cir. 1993) (holding preemption under § 301 is "appropriate . . . only when the provisions of a collective-bargaining agreement must be interpreted"; finding no preemption of FEHA claim although collective bargaining agreement would "likely be referred to" by parties "to determine the terms and conditions of [plaintiff's] employment"; noting rights conferred by FEHA "are nonnegotiable and cannot be removed by private contract") (internal quotation and citation omitted).[1]

2.  Contrary to plaintiff's argument, plaintiff's Twelfth Cause of Action ("Breach of Contract"), is preempted by § 301.  In particular, although plaintiff alleges her employment was subject to terms not included in the above-referenced CBA (see Notice of Removal Ex. 3 (First Amended Complaint ("FAC")) ¶ 179), it is undisputed that her position nonetheless was covered by such CBA, see Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 997-98 (9th Cir. 1987) (finding breach of contract claim preempted despite plaintiff's contention contract was "independent of the CBA"; holding "any independent agreement of employment" concerning plaintiff's position "could be effective only as part of the [CBA]") (internal quotation and citation omitted).

3.  For the reasons set forth immediately above, and contrary to plaintiff's argument, plaintiff's Thirteenth Cause of Action ("Breach of Implied Covenant of Good Faith and Fair

---

[1] Audette v. Int'l Longshoremen's and Warehousemen's Union, 195 F.3d 1107 (9th Cir. 1999), on which defendants in part rely, is distinguishable.  In Audette, the plaintiffs' discrimination claim "turn[ed] on whether [the] defendants' alleged failure to perform [a] settlement agreement was motivated by retaliation or discrimination."  See id. at 1113.  As the Ninth Circuit has subsequently explained, such claim "was not a free-standing claim of discrimination, but substantially depended on proving a violation of the settlement agreement, which had expressly incorporated the CBA's grievance procedures and which depended on interpretation of the CBA terms."  See Humble v. Boeing Co., 305 F.3d 1004, 1011 n.38 (9th Cir. 2002) (citations omitted).

1 Dealing") likewise is preempted by § 301.  See, e.g., Cook v. Lindsay Olive Growers, 911
2 F.2d 233, 238-39 (9th Cir. 1990) (holding "[w]here the collective bargaining agreement
3 contains terms governing job security, [ ] breach of the covenant of good faith and fair
4 dealing cause of action is preempted").

5       4. Contrary to plaintiff's argument, plaintiff's Fourteenth Cause of Action ("Intentional
6 Infliction of Emotional Distress" ("IIED")) is preempted by § 301.  In particular, a number of
7 the acts alleged in support of such cause of action are governed by provisions in the CBA.
8 (See, e.g., FAC ¶ 194 (incorporating by reference all prior allegations); id. ¶ 36 (alleging
9 defendants, when making promotions, "wholly ignored the employment qualifications, job
10 seniority, and exemplary and/or superior employment records" of female employees); CBA
11 art. 9 (providing rules governing seniority); FAC ¶ 43 (alleging defendants "intentionally
12 failed to advertise open supervisory and/or managerial-level positions to [ ] female
13 employees"); CBA art. 10, ¶ 3 (providing for "posting of permanent job openings")); see
14 also Jackson v. So. Cal. Gas Co., 881 F.2d 638, 646 (9th Cir. 1989) (finding, where plaintiff
15 brought claims for breach of contract, IIED, and violation of FEHA, emotional distress
16 claims preempted in light of CBA's "detailed provisions governing the types of activities
17 alleged by [the plaintiff] in support of" such claims); Cook, 911 F.2d at 240 (holding, where
18 plaintiff brought claims for wrongful discharge in violation of FEHA, breach of contract, and
19 IIED, latter two claims preempted; noting "whether behavior is outrageous enough to
20 support an emotional distress claim could depend on whether an employer violated the
21 CBA").[2]

22       5. As set forth above, the Court has found three of plaintiff's causes of action are
23 preempted by § 301.  Consequently, the instant removal was proper, and plaintiff's request
24 for attorney's fees and costs will be denied.
25 //

26 ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

27 [2]Defendants do not contend plaintiff's Eighth Cause of Action ("Wrongful Termination in Violation of Public Policies"), Tenth Cause of Action ("Assault"), Eleventh Cause of
28 Action ("Battery"), or Fifteenth Cause of Action ("Discrimination in Violation of the Unruh Act") are preempted by § 301.

6. Plaintiff's request that the Court decline to exercise supplemental jurisdiction over her non-preempted claims, on the asserted ground that such claims "substantially predominate" over her preempted claims, see 28 U.S.C. § 1367(c)(2), also will be denied. Although plaintiff's non-preempted claims substantially outnumber her preempted claims, all of plaintiff's claims are factually related.  Under such circumstances, to require two different courts to adjudicate the claims alleged herein would further neither judicial economy nor convenience, and plaintiff has failed to identify any overriding considerations. See Executive Software N. Am., Inc. v. U.S. Dist. Court, 24 F.3d 1545, 1557 (9th Cir. 1994) (holding exercise of discretion to decline supplemental jurisdiction under § 1367(c)(1)-(3) "is informed by whether remanding the pendent state law claims comports with the underlying objective of most sensibly accommodat[ing] the values of economy, convenience, fairness, and comity") (internal quotation and citation omitted; alteration in original).

Accordingly, plaintiff's motion to remand for fees and costs is hereby DENIED.

**IT IS SO ORDERED.**

Dated: June 11, 2009

_____
MAXINE M. CHESNEY
United States District Judge

4