1 **MARTENSON, HASBROUCK & SIMON LLP**
  Marty N. Martenson (admitted *pro hac vice*)
2 Donna L. Keeton (admitted *pro hac vice*)
3 3379 Peachtree Road, N.E., Suite 400
  Atlanta, Georgia 30326
4 Telephone: (404) 909-8100
  Facsimile: (404) 909-8120

5 and

6 **CARLTON, DiSANTE & FREUDENBERGER, LLP**
7   Nancy Berner (SBN 227142)
  601 Montgomery Street, Suite 350
8 San Francisco, CA 94111
  Telephone : (415) 981-3233
9 Facsimile : (415) 981-3246

10 *Attorneys for Defendants*
   *AlliedBarton Security Services, LP*
11 *and Kelly Murcray*

**IT IS SO ORDERED**
Judge James Larson

12                **UNITED STATES DISTRICT COURT**

13                **NORTHERN DISTRICT OF CALIFORNIA**

14 | | |
|---|---|
| ZATREA EVANS, | Case No. 08-4993 (MMC) |
| Plaintiff, | Referred to Hon. James Larson for Discovery Issues |
| vs. | |
| ALLIEDBARTON SECURITY SERVICES, LLP, a for profit business entity; BAYER HEALTHCARE, a for profit business entity; JOHN FISTER, and individual; KELLY MURCRAY, an individual; CHRIS LOO, an individual; SERGEANT JOHNSON, an individual; JASON KANEFSKY, an individual; MIKE REID, an individual; MARLON STEVENS, an individual; ARCHIE BRUMFIELD, an individual; and HERBERT WILLIAMS, an individual; and DOES 1 through 100, | **DEFENDANTS ALLIEDBARTON SECURITY SERVICES, LP'S AND KELLY MURCRAY'S STATEMENT OF DISCOVERY DISPUTE AND REQUEST FOR IMMEDIATE COURT INTERVENTION**<br><br>Action Filed: July 25, 2008<br>Trial Date: March 1, 2010 |
| Defendants. | |

CARLTON DiSANTE &
FREUDENBERGER LLP

Pursuant to Magistrate Judge Larson's Standing Order, Defendants AlliedBarton Security Services, LP and Kelly Murcray (collectively the "AlliedBarton Defendants") hereby submit this Statement of Discovery Dispute and Request for Immediate Court Intervention seeking the Court's assistance to compel Plaintiff to appear for deposition. The grounds for this Statement and Request for Immediate Court Intervention are as follows:

1. On June 9, 2009, the AlliedBarton Defendants served Plaintiff, via hand delivery and e-mail, with a Notice of Deposition of Plaintiff, noticing Plaintiff's deposition for July 9, 2009.[1] The AlliedBarton Defendants were forced to notice Plaintiff's deposition after Plaintiff refused to discuss mutually agreeable dates for her deposition and/or otherwise cooperate with discovery.[2]

2. On June 26, 2009, approximately two (2) weeks after the Court denied Plaintiff's Motion to Remand (Doc. No. 45), counsel for the AlliedBarton Defendants left a voicemail message for Plaintiff's counsel attempting to confirm Plaintiff's appearance at the July 9, 2009 deposition, as previously noticed.

3. On June 29, 2009, Plaintiff's counsel left a voicemail message for the AlliedBarton Defendants' counsel at approximately 10:30 p.m. (PDT), in which she stated that Plaintiff intends to file a motion for reconsideration with regard to Plaintiff's Motion to Remand, and, in light of that, Plaintiff's position is that it "doesn't really make sense to proceed with litigation until we can really get this back in the State court" and that she does not think "it would be prudent to take Plaintiff's deposition now."

4. On June 30, 2009, the AlliedBarton Defendants' counsel left Plaintiff's counsel a voicemail message and sent an e-mail stating that Plaintiff's intent to file a motion for

---

[1] The AlliedBarton Defendants are able and willing to submit supporting Declaration(s) and/or documentary support should the Court desire.

[2] Defendant AlliedBarton Security Services, LP ("AlliedBarton") has a Motion to Compel Discovery and for Costs, which is currently set for hearing on July 29, 2009, related to Plaintiff's failure to respond to AlliedBarton's written discovery requests. (See Doc. No. 43.) As stated in AlliedBarton's Motion to Compel, Plaintiff's purported reason for refusing to cooperate with discovery was Plaintiff's intent to file and subsequent filing of a Motion to Remand, which was denied by Judge Chesney on June 11, 2009. (See Doc. No. 45.) .

1 reconsideration does not absolve Plaintiff of her obligations to comply with discovery, and, therefore, the AlliedBarton Defendants intended to proceed with Plaintiff's deposition as noticed on July 9, 2009. The AlliedBarton Defendants' counsel further asked Plaintiff's counsel to confirm that Plaintiff intended to appear for her deposition and/or to contact counsel to discuss the matter further.

5. At approximately 11:00 p.m. (PDT) on June 30, 2009, Plaintiff's counsel left another voicemail message for the AlliedBarton Defendants' counsel, in which she stated that her calendar was "completely full" for the next two (2) weeks, so Plaintiff would not be able to attend the noticed deposition on July 9, 2009. However, according to Plaintiff's counsel, Plaintiff was "willing" to discuss alternative dates later in July for Plaintiff's deposition **if**: (1) AlliedBarton and Defendant Bayer HealthCare would agree to accept service on behalf of any of the remaining individual defendants whom Plaintiff had not yet served who are current employees of each entity and/or would be represented by such entity's legal counsel; **and** (2) Defendants would stipulate that there would not be any additional deposition of Plaintiff if the matter is remanded to State court.

6. Since receiving that June 30, 2009 voicemail message, the AlliedBarton Defendants' counsel has attempted to reach Plaintiff through multiple voicemail messages and e-mail messages in order to discuss Plaintiff's deposition. Plaintiff's counsel, however, has failed to respond to those messages.

7. The AlliedBarton Defendants' position is that Plaintiff cannot condition her appearance for deposition on Defendants' willingness to ignore the deadline set in the Court's April 3, 2009 Scheduling Order for serving any additional defendants[3] and/or Defendants' willingness to forego rights to which they may be entitled pursuant to the applicable Court rules and/or Court orders – particularly in light of Plaintiff's complete failure to cooperate with discovery to date. Nor are the AlliedBarton Defendants willing to agree to postpone Plaintiff's deposition from the July 9, 2009 date without having a new confirmed date sufficiently in advance of the August 10, 2009 deadline to complete discovery, (see Doc. No. 43), and, as discussed herein, Plaintiff's counsel has

---

[3] By Order dated April 3, 2009, Judge Chesney set June 1, 2009 as the deadline for Plaintiff to serve any remaining defendants. (See Doc. No. 33.)

thwarted all attempts to discuss Plaintiff's deposition by leaving voicemail messages after 10:00 p.m. at night when she expects that counsel will not be available and/or by not responding at all.

Accordingly, the AlliedBarton Defendants respectfully request the Court's assistance. Specifically, the AlliedBarton Defendants request an order compelling Plaintiff to appear for her deposition on July 9, 2009, as previously noticed, or on a date certain prior to August 10, 2009.

Respectfully submitted this 6th day of July, 2009.

MARTENSON, HASBROUCK & SIMON LLP

By: /s/Donna L. Keeton
Donna L. Keeton (admitted *pro hac vice*)
3379 Peachtree Road, N.E., Suite 400
Atlanta, Georgia 30326
Telephone: (404) 909-8100
Facsimile: (404) 909-8120