IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ZATREA EVANS,

        Plaintiff,

  v.

ALLIEDBARTON SECURITY SERVICES, LLP, et al.,

        Defendants.
                                       /

No. C-08-4993 MMC

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

     Before the Court is plaintiff's "Motion for Leave to File Motion for Reconsideration of Remand to State Court," filed July 29, 2009, by which plaintiff seeks leave to file a motion for reconsideration of the Court's Order Denying Plaintiff's Motion to Remand, filed June 11, 2009 ("June 11 Order"). Defendants AlliedBarton Security Services, LP ("AlliedBarton") and Kelly Murcray ("Murcray") have filed opposition.[1] Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.

     First, plaintiff argues that defendants failed to demonstrate plaintiff was a member of a union, or that plaintiff's employment was governed by the collective bargaining agreement

---

[1] The Court notes that an opposition was not requested by the Court. See Civ. L.R. 7-9(d) (providing "[u]nless otherwise ordered . . . , no response need be filed" to motion for leave to file motion for reconsideration; further providing "[i]f the judge decides to order the filing of additional papers . . . the judge will fix an appropriate schedule"). Because the Court's determination of the instant motion was made independent of the opposition, no further briefing will be ordered.

("CBA") submitted with AlliedBarton and Murcray's Notice of Removal, and, consequently, that defendants failed to show any of plaintiff's claims are preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 ("§ 301").

In connection with the Notice of Removal, Murcray submitted a declaration attesting that "[p]laintiff was subject to" the attached CBA. (See Murcray Decl. ¶ 3.) Plaintiff asserts, essentially, that such evidence is contradicted by plaintiff's own declaration, filed concurrently with the instant motion. Plaintiff has failed to show, however, that "in the exercise of reasonable diligence," she was not aware of the information contained in her declaration at the time of the June 11 Order. See Civ. L.R. 7-9(b)(1) (providing, where party seeks leave to file motion for reconsideration on ground of material difference of fact or law, party "must show that in the exercise of reasonable diligence [it] did not know such fact or law at the time of the interlocutory order"). Moreover, although plaintiff states that "[w]hen [she] signed on" for employment she was not a member of any union, and that there was never any "election, secret ballot, or anything [of] this nature that would pertain to properly installing any sort of union on the site" (see Evans Decl. ¶¶ 3-4), plaintiff does not dispute that at the time of the violations alleged herein her employment was controlled by the above-referenced CBA. Indeed, plaintiff's complaint specifically references "union rules" that, according to plaintiff, applied to her employment. (See Compl. ¶ 60 (alleging "[d]ue to union rules, [d]efendants were required to find [p]laintiff new employment").[2]

Next, plaintiff argues, relying on Perugini v. Safeway Stores, Inc., 935 F.2d 1083 (9th Cir. 1991), that plaintiff's Fourteenth Cause of Action ("Intentional Infliction of Emotional Distress" ("IIED")) is not preempted by § 301. Plaintiff has failed to show, however, that "in the exercise of reasonable diligence" she did not know of such authority at the time of the June 11 Order. See Civ. L.R. 7-9(b)(1). Moreover, to the extent Perugini stands for the proposition that, for purposes of preemption, an IIED claim based on conduct both governed and not governed by a CBA may be considered in "segments," see Perugini, 935

---

[2] Although the Court, in its June 11 Order, referred to the operative pleading herein as plaintiff's First Amended Complaint, such pleading is in fact plaintiff's original Complaint.

2

F.2d at 1088,[3] and even if plaintiff's IIED claim thus is not preempted to the extent it is based on allegations of racial and sexual discrimination and harassment, the result reached in the Court's June 11 Order would remain unchanged. In particular, for the reasons set forth in the June 11 Order, the Court declines to divide the instant action into two separate suits to be adjudicated by two different courts. (See June 11 Order at 4:1-12.)

Plaintiff next argues that Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993 (9th Cir. 1987), which the Court cited in its June 11 Order, is distinguishable, on the ground that the agreements "which form the bases for [plaintiff's] breach of contract and breach of covenant claims do not concern the plain terms of [p]laintiff's job position, as is the case in Young" (see Mot. at 3:13-16). In making such argument, however, plaintiff fails to identify any potential ground for reconsideration under the Civil Local Rules of this District. See Civ. L.R. 7-9(b) (setting forth grounds for motion for leave to file motion for reconsideration). Moreover, the court in Young, in rejecting an argument that an employee's contract was "independent" of the CBA at issue therein, made no reference to the "plain terms" of the relevant job position; rather, the court held that because "the subject matter" of the plaintiff's contract was "a job position covered by the CBA," any "independent agreement of employment [concerning that job position] could be effective only as part of the collective bargaining agreement." See Young, 830 F.2d at 997 (internal quotation and citation omitted; alteration in original).

Lastly, plaintiff argues that defendants failed to show "how any interpretation of any collective bargaining agreement would be required, or how the failure to provide [p]laintiff with a fair and discriminatory-free workplace would implicate any collective bargaining agreement provisions." (See Mot. at 4:22-25). Such argument likewise fails to address any potential ground for reconsideration under the Civil Local Rules of this District. See Civ. L.R. 7-9(b). Moreover, as discussed in the Court's June 11 Order, a number of the

---

[3] On this point, the Court notes Perugini appears to be at odds with Jackson v. So. Cal. Gas Co., 881 F.2d 638, 646 (9th Cir. 1989), on which the Court relied in its June 11 Order.

3

acts alleged by plaintiff are governed by provisions in the CBA. (See June 11 Order at 3:8-13.)  Further, to the extent plaintiff's argument is directed to plaintiff's Twelfth Cause of Action ("Breach of Contract"), plaintiff has failed to cite any authority suggesting such a claim may ever be resolved without interpreting the applicable CBA, and indeed, the authority is to the contrary.  See Young, 830 F.2d at 997 (holding "[a] suit for breach of a collective bargaining agreement is governed exclusively by federal law under section 301") (emphasis added).[4]

Accordingly, plaintiff's motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  August 6, 2009

MAXINE M. CHESNEY
United States District Judge

---

[4] AlliedBarton and Murcray's request that plaintiff be sanctioned for repeating arguments previously made to the Court is hereby DENIED, for the reason that the specific arguments advanced in the instant motion were not in fact previously presented.