UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ZATREA EVANS,　　　　　　　　　　　　　　No. C 08-4993 MMC (JL)

　　　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　　　**Report and Recommendation**

ALLIED BARTON SECURITY
SERVICES, LLP et al.,

　　　　Defendants.
_____/

**I.　　Introduction**

The district court (Hon. Maxine M. Chesney) has referred all discovery disputes under 28 U.S.C. §636(b), including Defendants' Motion for Monetary and Terminating Sanctions for Plaintiff's failure to obey court orders to appear for further deposition, produce documents and answer interrogatories.

The matter came on for hearing. Appearing for Plaintiff was Sangeeta Singal. Appearing for Defendant Allied Barton Security Services LLP and Kelly Murcray was Donna Lynn Keeton, Martenson, Hasbrouck & Simon LLP, Atlanta, Georgia. Appearing for Defendants Bayer Health Care and Christopher Loo was Jerome Schreibstein.

This Court carefully considered the papers submitted by counsel and their arguments, the record in this case and previous rulings by this Court and the district court and hereby recommends that Plaintiff's complaint be dismissed with prejudice, for her

failure to obey at least two express court orders, to provide discovery and submit to deposition.

## II. Background

Plaintiff filed her Complaint in Alameda County Superior Court on July 25, 2008, alleging employment discrimination by Defendants. Defendants removed the case to this court on grounds of federal question jurisdiction, specifically the Labor Management Relations Act, that Plaintiff's employment was subject to a Collective Bargaining Agreement ("CBA"). The case was assigned to Magistrate Judge Wayne D. Brazil, and a Case Management Conference was scheduled for February 5, 2009. Defendants filed a Case Management Statement without participation by Plaintiff on January 29. Also on January 29, Plaintiff declined to consent to Magistrate Judge Brazil's jurisdiction, and the case was referred for reassignment and reassigned to Judge Chesney. Judge Chesney held a Case Management Conference, referred the case for a settlement conference before Magistrate Judge Joseph C. Spero and gave Plaintiff deadlines: May 1 to file a motion to remand, and June 1 to serve any remaining defendants. Judge Chesney set a fact discovery cut-off of August 10, jury trial for March 10, 2010, and a status conference for December 18, 2009.

On May 2, 2009, Plaintiff filed her motion to remand to state court and for an award of attorney fees. Prior to a decision on this motion, on June 5, Defendant Allied Barton filed a motion to compel discovery. On June 11 Judge Chesney denied Plaintiff's motion to remand and for attorney fees and referred the discovery motion to this Court.

On July 10, this Court granted Defendant Allied Barton's motion for discovery and ordered Plaintiff to appear for her deposition by Allied Barton either on July 9, as previously noticed, or on a date certain prior to August 10, 2009. Plaintiff appeared for her deposition.

## III. Discovery Orders which Plaintiff failed and refused to obey

### A. First order

On July 28, Defendants Bayer and Loo filed a Statement of Discovery Dispute and request for Immediate Court Intervention, asking this Court to order Plaintiff to appear for an additional seven hours of deposition. After a hearing on July 29, where Plaintiff's

counsel had the opportunity to argue on behalf of her client, (Minute Order at Docket # 60), this Court granted Defendants' request, ruling as follows:

> 1. The parties shall within 10 days of issuance of this order prepare and execute a stipulation that discovery in this case will not be duplicated should the matter be remanded to state court, and further that the federal limitations shall govern the number of interrogatories and documents and the length of Plaintiff's deposition;
>
> 2. Defendants' motion to compel answers to interrogatories and production of documents is granted - Plaintiff shall respond within 10 days of issuance of this order;
>
> 3. Defendants Bayer Healthcare and Christopher Loo may depose Plaintiff up to seven hours, in addition to her deposition of July 20. The Court finds this to be justified in light of the exceptional circumstances of this case. Plaintiff filed in Superior Court a 50-page complaint alleging 15 distinct causes of action.
>
> Furthermore, although Plaintiff was deposed for seven hours by Defendant Allied Barton Security Services, Defendants Bayer and Loo did not participate in this deposition. The parties shall agree on a date and schedule the deposition to take place on or before August 10, 2009, unless Judge Chesney extends the discovery cut-off. This Court would support a request for such an extension.
>
> 4. Defendant Allied Barton Security Services shall provide disclosures to Plaintiff pursuant to Rule 26, Federal Rules of Civil Procedure, within ten days of issuance of this order.
>
> 5. Defendants' motion for costs is denied without prejudice to their filing a separate noticed motion as required by Civil Local Rule 7-8.

(Order at Docket # 61 at 1:26-2:20).

Plaintiff had responded in writing (Docket # 49, 53 ) to both of Defendants' statements regarding their discovery disputes and the Court had fully considered her arguments and had in fact ruled in her favor with respect to three issues: (1) her concerns that if the case were remanded she might be subject to duplicate discovery in state court (at paragraph 1 of Order), (2) her request that Defendants make full Rule 26 disclosures (at paragraph 4 of Order) and (3) Defendants' request for an award of costs (at paragraph 5 of Order).

On July 29, Plaintiff filed her motion before Judge Chesney for leave to file a motion for reconsideration of Judge Chesney's denial of her motion to remand.

On August 6, Judge Chesney denied Plaintiff's motion for leave to file a motion for reconsideration.

On August 12, Defendants advised this Court by letter that Plaintiff was refusing to participate in any way in drafting the discovery stipulation previously ordered by the Court.

On August 13, Judge Chesney granting Defendants' request to extend the pretrial deadlines and referred to this Court their request for another order compelling Plaintiff's attendance at deposition, and referred to Magistrate Judge Spero Defendants' request to continue the settlement conference.

### B. Second Order which Plaintiff also failed and refused to obey

On August 18, 2009, this Court *again* ordered Plaintiff to appear for seven hours of deposition by Defendants Bayer and Loo, to commence at 9:30 a.m. on September 8, 2009. The Court also *again* ordered Plaintiff to comply with the requests for documents as made by Bayer and Loo in their Deposition Notice. (See Order at Docket # 69 reiterating paragraphs 2 and 3 of Order at Docket # 61).

Plaintiff did not appear for deposition, nor did she produce documents, according to Defendants.

On September 8, all Defendants filed a motion before Judge Chesney to vacate case management dates and set an expedited hearing on their Motion for Terminating and Monetary Sanctions. On September 16, Judge Chesney granted Defendants' motion to vacate the case management dates. On October 23, after full briefing, Judge Chesney referred Defendants' Motion for Terminating and Monetary Sanctions to this Court for Report and Recommendation.

On November 12, in response to Defendants' request, Judge Spero continued the settlement conference to March 11, 2010.

#### 1. Plaintiff failed to object to this Court's discovery orders and therefore waived any objections

Plaintiff had the opportunity to file objections with Judge Chesney to either or both of this Court's discovery orders, as provided by Civil Local Rule 72-2, and by Rule 72(a),

Federal Rules of Civil Procedure. Plaintiff did not file objections to either order, and therefore waived her objections: "A party may not assign as error a defect in the order not timely objected to." *Id.*

### C. Defendants filed, and the parties briefed and argued, Defendants' Motion for Terminating and Monetary Sanctions

On December 2, all parties appeared for hearing before this Court on Defendants' Motion for Monetary and Terminating Sanctions. Plaintiff's counsel had argued in her papers in opposition to the motion that neither Judge Chesney nor this Court had jurisdiction over her case, which properly belonged in state court:

> This Court does not have subject matter jurisdiction to hear this motion and has been exercising improper jurisdiction over this action in violation of 28 U.S.C. §1447(c) since its inception in Federal Court when the appearing Defendants improperly removed this litigation on October 31, 2008 from the Superior Court of California, County of Alameda where it was originally filed.
>
> The Court's Order denying Plaintiff's Motion for Leave to File Motion for Reconsideration in light of the aforementioned verities concerning Defendants' fraudulent removal is in violation of 28 U.S.C. §1447(c) and Federal Rules of Civil Procedure 12(h)(3) which requires, respectively, that the district court immediately remand an action if it appears that it lacks subject matter jurisdiction at any time prior to final judgment, or to dismiss the action if it determines that it lacks subject matter jurisdiction at any time during the litigation. The Court's Order was instead premised and supported by its citation to California's Northern District of California Court Local Rule 7-9, but which is superceded by 28 U.S.C. §1447(c) and FRCP 12(h)(3), mandating remand of this action back to state court.

(Plaintiff's pleading filed at Docket # 84, styled "Opposition to Motion to Dismiss," at 2:3-6 and 4:7-14)

At the hearing on Defendants' Motion for Terminating and Monetary Sanctions Plaintiff's counsel argued vehemently that she had produced all discovery requested from her client, that her client was homeless and it was difficult for her to locate many documents, which were in storage, and that Defendants were not entitled to further deposition under both the Federal Rules and because they had not obtained the Court's two previous orders by properly noticed motions with full opportunity for Plaintiffs' counsel to argue on behalf of her client. As she had argued in her written pleading:

> The Court's Order Allowing for Additional Deposition Testimony Was Issued in Violation of FRCP 30; FRCP 26; Local Rules 7-1; 7-2; 7-3; 7-7; 7-10; 6-2; 6-3; and 26-2; 28 U.S.C. §1447(c) and FRCP 12(h)(3).

> Defendants Bayer and Chris Loo waived their rights to any deposition time when Plaintiff submitted to the one-day 7 hours of allowable deposition time under FRCP Rule 30, and where all appearing parties and Defendants, and their respective counsel, were present, including the Plaintiff, Plaintiff's counsel, appearing Defendants, and counsel for all appearing Defendants: Kelly Murcray, Allied Barton, Bayer and Chris Loo. The Court's Order granting an additional 7 hours deposition time was improper and in violation of FRCP Rules 30 and 26 allowing deposition time above the 7 hour, one day limit only in exceptional circumstances, and was in further violation of Local Rules 7-1, 7-2, 7-3, 7-7, 7-10 regarding proper law and motion practice; Local Rules 6-2 and 6-3 regarding the required motion to be filed in order to properly enlarge, shorten or change the time to file a motion; and Local Rule 26-2 regarding the Discovery cut-off date.

*Id.* at 4:19-5:2

Defendants vigorously disagreed with the proffer by Plaintiffs' counsel that she had provided documents and interrogatory answers and this Court has personal knowledge that Plaintiff's counsel had a full and fair opportunity to brief both motions and to appear and argue at the hearing on Defendants' second motion to obtain the same discovery which the Court had previously ordered.

**IV.     Analysis and Conclusion**

**A.      Sanctions under FRCP 37**

Rule 37 (b)(2)(A), Federal Rules of Civil Procedure, provides that a party who fails to comply with a court order to provide or permit discovery is subject to sanctions, which may include the following:

(I) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or pleading in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

**B. Application to this case**

In this case, this Court, on two separate previous occasions, after full briefing by both sides, and an opportunity for Plaintiff's counsel to present oral argument, directed Plaintiff in two separate orders, one issued on July 29, 2009, at Docket # 61, the second on August 18, 2009, at Docket # 69, to appear for an additional seven hours of deposition by Defendants Bayer and Loo, and to provide documents and interrogatory answers. Plaintiff failed and refused to obey either component of the Court's orders, without filing objections to either order, thereby waiving any objections under Rule 72 (a), Federal Rules of Civil Procedure.

Plaintiff and her counsel disobeyed in full or in part at least two court orders, refusing to answer interrogatories, produce documents or produce Plaintiff for an additional seven hours of deposition by Defendants Bayer and Loo. Plaintiff's counsel has effectively brought this lawsuit to a halt, by rejecting federal jurisdiction, ignoring the orders of both the trial judge and the referral judge, and refusing to cooperate or even communicate with opposing counsel. The question is, what to do about it?

**C. Options for sanctions**

If the court chose to preclude Plaintiff's issues or claims, it would be difficult to decide which ones, since Plaintiff continues to deny the very jurisdiction of this Court. Plaintiff's counsel at the hearing on Defendants' Motion for Terminating and Monetary Sanctions suggested certification of an interlocutory appeal of Judge Chesney's order denying the motion to remand as an option she would welcome.

Prohibiting assertion of Plaintiff's claims and defenses would also not be appropriate, since the case has been stymied at its initial phase, by the refusal of Plaintiff's counsel to either communicate with opposing counsel, or to comply with court orders to meet and confer or arrive at a joint stipulation.

Striking Plaintiff's pleadings is not appropriate, since there is no pending motion or even substantive pleading on file to strike, besides the Complaint.

Entering a default judgment against Plaintiff would be inappropriate, since the disobedient party is a plaintiff, not a defendant.

That leaves either certification of contempt or dismissal of the Complaint with prejudice as the only reasonable options.

Under the certification process for holding a party in civil contempt, the magistrate judge may conduct a hearing, but the magistrate judge functions only to certify the facts to the district court, and not to issue an order of contempt. *Bowens v. Atlantic Maintenance Corp.*, 546 F.Supp.2d 55 (E.D.N.Y.2008). This Court did not conduct a full hearing on contempt, but stands ready to do so, should the district court choose to refer the matter for this purpose. This Court finds that there is probably a more appropriate remedy.

## V. Conclusion and recommendation

Since it appears that the goal of Plaintiff, or at least of her counsel, either consciously or subconsciously, is to get her case out of federal court, this Court concludes that the best option and most appropriate sanction for her refusal to obey the Court's orders is dismissal of her complaint with prejudice. This will give Plaintiff the opportunity she seeks, to obtain a different forum, albeit in the federal appeals court, despite her strong preference for state court. Accordingly, this Court recommends that Plaintiff's complaint be dismissed with prejudice, as provided under Rule 37(b)(2)(A)(v), Federal Rules of Civil Procedure, for her willful and deliberate refusal to obey at least two express court orders to provide discovery and submit to deposition.

The Court finds that an award of monetary sanctions against Plaintiff would be futile, since she is homeless. An award of monetary sanctions against Plaintiff's counsel would probably be appropriate, since counsel repeatedly disobeyed the Court's orders and forced defense counsel to seek judicial intervention on multiple occasions to obtain the most basic discovery: Plaintiff's deposition. Defendants shall file a supporting declaration itemizing their qualifications, hourly fees, and the time they spent on the motions which resulted in the Court orders which Plaintiff disobeyed.

Respectfully submitted,

DATED: December 4, 2009

_____
James Larson
U.S. Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIV-REF\08-4993\R&R.wpd