IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZATREA EVANS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ALLIEDBARTON SECURITY SERVICES, LLP, et al.,<br><br>　　　　Defendants<br>_____/ | No. C 08-4993 MMC<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR TERMINATING AND MONETARY SANCTIONS** |

Before the Court is Magistrate Judge James Larson's Report and Recommendation, filed December 7, 2009. In the Report and Recommendation, Magistrate Judge Larson, having reviewed the motions for terminating and monetary sanctions filed October 2, 2009 by, respectively, AlliedBarton Security Services, LP and Kelly Murcray (collectively, "AlliedBarton") and Bayer Healthcare LLC and Christopher K. Loo (collectively "Bayer"), recommends the Court impose terminating sanctions, not impose monetary sanctions against plaintiff, and consider imposing monetary sanctions against plaintiff's counsel. No objections to the Report and Recommendation were filed by plaintiff or by AlliedBarton; Bayer filed a "Limited Objection," in which it objects to the recommendation that monetary sanctions not be imposed on plaintiff.

Having read and considered the Report and Recommendation and Bayer's Limited

Objection, the Court hereby adopts the Magistrate Judge's recommendation that terminating sanctions be imposed in light of plaintiff's having repeatedly violated court orders, and agrees that lesser sanctions are neither practicable nor appropriate under the circumstances presented.

Additionally, as is set forth in the Report and Recommendation, given plaintiff's counsel's participation in plaintiff's sanctionable conduct, the Court finds an award of monetary sanctions against plaintiff's counsel Sangeeta Singal ("Singal") is appropriate. Further, having read and considered the declarations submitted on behalf of defendants, filed, respectively, on December 11, 2009 and December 15, 2009, the Court finds the amounts claimed therein to be reasonable.

Accordingly, defendants' motions for terminating and monetary sanctions are hereby GRANTED in part and DENIED in part as follows:

1. To the extent the motions seek terminating sanctions, the motions are hereby GRANTED, and the above-titled action is hereby DISMISSED with prejudice pursuant to Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure.

2. To the extent the motions seek an award of monetary sanctions against Singal, the motions are hereby GRANTED. Specifically, Singal is hereby ordered to pay to AlliedBarton sanctions in the amount of $6952.22, and to Bayer sanctions in the amount of $9788.30, such sanctions representing, in each instance, the costs and attorney's fees respectively incurred by said defendants by reason of Singal's participation in the above-referenced sanctionable conduct.

3. To the extent the motions seek an award of monetary sanctions against plaintiff, the motions are hereby DENIED and Bayer's Limited Objection to the Magistrate Judge's recommendation is hereby OVERRULED.

**IT IS SO ORDERED.**

Dated: December 31, 2009

_____
MAXINE M. CHESNEY
United States District Judge