IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZATREA EVANS, | No. C-08-4993 MMC |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION (1) TO ALTER OR AMEND JUDGMENT; (2) FOR RELIEF FROM JUDGMENT; AND (3) FOR OTHER RELIEF** |
| v. | |
| ALLIED BARTON SECURITY SERVICES, LLP, et al., | |
| Defendants. | |

Before the Court is plaintiff's combined (1) "Motion to Alter or Amend Judgment"; (2) "Motion for Relief from Judgment"; and (3) "Request for any and all other Relief Necessary," filed February 3, 2010. Joint oppositions have been filed, respectively, by defendants AlliedBarton Security Services, LLP and Kelly Murcray (collectively, "AlliedBarton/Murcray") and defendants Bayer HealthCare LLC and Christopher Loo (collectively, "Bayer/Loo"), to which oppositions plaintiff has filed a single reply. Having read and considered the papers filed in support of and in opposition to the motion, the Court hereby VACATES the hearing set for March 12, 2010, and rules as follows.

In her motion, which cites to no statute or rule upon which it is based, plaintiff argues she is entitled to relief from the Court's January 5, 2010 judgment on the asserted grounds that defendants have committed a "fraud on the Court" and the Court has "displayed a

deep-seated favoritism toward the [d]efendants [and] antagonism toward the [p]laintiff." (See Mot. at 5:23-6:14.) As discussed below, if the motion is made under Rule 59 of the Federal Rules of Civil Procedure, the motion is untimely and, in any event, without merit; if the motion is made under Rule 60(b), the motion, although timely, likewise is without merit.

First, plaintiff's assertion of fraud is not supported by the record. (See Compl. ¶ 60; see also AlliedBarton's Resp. Ex. A at 273:14-24, Ex. C.) Second, even if plaintiff had made a sufficient showing as to the fraud asserted, her motion would fail, as the asserted fraud admittedly was known to plaintiff during the course of the proceedings. (See Mot. at 4:25-26) (stating "[p]laintiff informed the Court of Defendants' fraudulent scheme in an extensive Motion and accompanying Order she filed on July 27, 2009")); Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001) (holding Rule 59 requires showing of "newly discovered evidence"); Casey v. Albertson's, Inc., 362 F.3d 1254, 1260 (9th Cir. 2004) (holding Rule 60(b)(3), "require[s] that fraud . . . not be discoverable by due diligence before or during the proceedings") (internal quotation and citation omitted) (alterations in original). Lastly, as set forth in the Court's concurrently filed order denying plaintiff's Motion to Disqualify and/or Recuse, plaintiff has made no showing of bias on the part of the Court.

Accordingly, plaintiff's motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: March 10, 2010
MAXINE M. CHESNEY
United States District Judge