IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ZATREA EVANS,

    Plaintiff,

  v.

ALLIED BARTON SECURITY SERVICES, LLP, et al.,

    Defendants.

No. C-08-4993 MMC

**ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY AND/OR RECUSE; VACATING HEARING**

Before the Court is plaintiff's "Motion to Disqualify and/or Recuse the Honorable Maxine M. Chesney and the Honorable James Larson,"[1] filed February 3, 2010, pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455. Joint oppositions have been filed, respectively, by defendants AlliedBarton Security Services, LLP and Kelly Murcray (collectively, "AlliedBarton/Murcray") and defendants Bayer HealthCare LLC and Christopher Loo (collectively, "Bayer/Loo"), to which oppositions plaintiff has filed a single reply. Having read and considered the papers filed in support of and in opposition to the motion, the Court hereby VACATES the hearing set for March 12, 2010, and rules as follows.

Plaintiff seeks disqualification and/or recusal based on the Court's issuance of rulings adverse to plaintiff. (See Singal Aff. at 2-10.) "[J]udicial rulings alone," however,

---

[1] To the extent plaintiff seeks disqualification and/or recusal of Magistrate Judge Larson, the matter is not properly brought before the undersigned.

"almost never constitute a valid basis for a bias or partiality motion"; rather, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible" or "derive[] from an extrajudicial source."  See Liteky v. United States, 510 U.S. 540, 555 (1994) (holding same test for "personal bias or prejudice" applicable irrespective of whether motion brought under § 144 or § 455).  "Almost invariably," rulings made during the course of judicial proceedings "are proper grounds for appeal, not for recusal."  See id. at 555.

Even "judicial remarks during the course of a trial that are critical or disapproving of or even hostile to counsel, the parties or their cases, ordinarily do not support a bias or partiality challenge," and will do so only where "they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible."  See id.; see, e.g., Berger v. United States, 255 U.S. 22, 28 (1921) (finding disqualification proper where district judge presiding over case against German-American defendants stated:  "One must have a very judicial mind, indeed, not to be prejudiced against the German-Americans in this country[;] their hearts are reeking with disloyalty."); Liteky, 540 U.S. at 555-56 (finding asserted grounds for recusal "inadequate" where motion based on "judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel and witnesses"; citing, as example of disqualifying bias, statement made by district judge in Berger); see also Berger, 255 U.S. at 30, 36 (holding judge as to whom party seeks recusal under § 144 has "lawful right to pass upon the sufficiency of the [ ] affidavit of his prejudice").

Here, the affidavit submitted by plaintiff in support of the instant motion is legally insufficient as it relies exclusively on rulings made by the Court.  Under such circumstances, plaintiff's challenge is to the ruling, not to the judge who made it.

//

//

Accordingly, plaintiff's Motion to Disqualify and/or Recuse the undersigned is hereby DENIED.

**IT IS SO ORDERED.**

Dated: March 10, 2010

MAXINE M. CHESNEY
United States District Judge