United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ZATREA EVANS,

    Plaintiff,

v.

ALLIED BARTON SECURITY SERVICES, LLP, et al.,

    Defendants.

No. C-08-4993 MMC

**ORDER GRANTING DEFENDANTS' RULE 11 MOTION FOR SANCTIONS; SETTING BRIEFING SCHEDULE AS TO AMOUNT OF SANCTIONS; VACATING HEARING**

Before the Court is defendants AlliedBarton Security Services LP and Kelly Murcray's Rule 11 Motion for Sanctions Against Plaintiff's Counsel, filed March 10, 2010 and noticed for hearing on April 23, 2010, by which motion defendants seek, as against plaintiff's counsel, Sangeeta Singal ("Singal"), an award of sanctions in the form of attorneys fees and costs. No opposition has been filed. After the last date for filing an opposition had passed,[1] defendants, on April 9, 2010, submitted a reply, in which, in addition to noting Singal's lack of opposition, defendants set forth, in the first instance, the amount of fees and costs sought as sanctions. Having read and considered the papers filed in support of the motion, the Court hereby VACATES the hearing set for April 23,

---

[1] Pursuant to the Civil Local Rules of this District, Singal's opposition was due no later than April 2, 2010. See Civil L.R. 7-3 (providing opposition to motion "must be served and filed not less than 21 days before the hearing date").

2010, and rules as follows.

## BACKGROUND

On December 31, 2009, the Court dismissed plaintiff's complaint with prejudice as a sanction for plaintiff and Singal's failure to obey multiple Court orders. (See Order filed Dec. 31, 2009 (adopting magistrate judge's recommendation for imposition of sanctions); see also Order filed Dec. 11, 2009 (recommending sanctions).) Thereafter, Singal filed two post-judgment motions, each based on the argument that the Court lacked subject matter jurisdiction because "[n]either [p]laintiff's former employment, nor the Bayer Healthcare site where she was employed, were, respectively, a union position or a union site, and the collective bargaining agreement the [d]efendants submitted was, in sum, a complete sham submitted for the sole purpose of removing a wholly state court action to the instant Federal Court." (See Docket No. 105 filed Feb. 3, 2010 ("Motion to Disqualify") at 4:9-11; see also Docket No. 106 filed Feb. 3, 2010 ("Motion to Alter or Amend") at 3:19-25.) Singal filed identically worded affidavits in support of these motions. (See Attach. 1 to Docket Nos. 105 & 106 ("Singal Aff.") at ¶¶ 6, 11, 12.)

By the instant motion, defendants seek sanctions against Singal on the ground that the above-referenced post-judgment motions were "not supported by the evidence and are, in fact, directly contradicted by [p]laintiff's own [c]omplaint and deposition testimony, in direct violation of Rule 11 of the Federal Rules of Civil Procedure." (See Mot. at 3:8-10.)

## LEGAL STANDARD

"Rule 11 imposes a duty on attorneys to certify by their signature that (1) they have read the pleadings or motions they file and (2) the pleading or motion is 'well-grounded in fact,' has a colorable basis in law, and is not filed for an improper purpose." Smith v. Ricks, 31 F.3d 1478, 1488 (9th Cir. 1994) (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990)). The Rule "mandat[es] the imposition of sanctions when a lawyer's position, after reasonable inquiry, will not support a reasonable belief that there is a sound basis in law or in fact for the position taken." See Golden Eagle Distributing Corp. v. Burroughs

Corp., 801 F.2d 1531, 1538 (9th Cir. 1986). "If, judged by an objective standard, a reasonable basis for the position exists in both law and in fact at the time that the position is adopted, then sanctions should not be imposed." See id.

"Rule 11 expressly authorizes the imposition of monetary . . . sanctions[,]" which "may be composed of either or both a penalty payable to the court, and/or an award of reasonable attorneys' fees to the opposing party for those fees and other expenses incurred as a direct result of the violation," see Truesdell v. Southern California Permanente Medical Group, 209 F.R.D. 169, 175 (C.D. Cal. 2002) (citing Fed.R.Civ.P. 11(c)(2)), provided the amount of such sanctions "is limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated" see Fed.R.Civ.P. 11(c)(4). An award of attorney's fees may only be made "on motion and [if] warranted for effective deterrence." See id. "Whenever the district court imposes sanctions on an attorney, it must . . . afford the attorney notice and an opportunity to be heard." See Weissman v. Quail Lodge, Inc., 179 F.3d 1194, 1198 (9th Cir. 1999).

**DISCUSSION**

**A. Propriety of Sanctions**

As discussed below, the Court finds Singal's post-judgment motions were filed in violation of Rule 11, as Singal, at the time the motions were filed, had no "reasonable basis for the position" taken therein, see Golden Eagle, 801 F.2d at 1538, and the affidavit offered in support thereof was not "well-grounded in fact," see Smith, 31 F.3d at 1488.

Specifically, Singal's contentions that "[n]either [p]laintiff's former employment, nor the Bayer Healthcare site where she was employed, were, respectively, a union position or a union site" (see Motion to Disqualify at 4:9-11; see also Motion to Alter or Amend at 3:19-25), were contradicted by plaintiff's then available sworn deposition testimony, in which plaintiff conceded seeking and obtaining union representation during employment disputes (see Def.'s Mot. Ex. A (Pl.'s July 20, 2009 Depo.) at 233:1-13, 238:22-239:4, 329:6-13), and admitted authoring and/or signing multiple documents in which she identified herself as

1 a "union employee" (see id. at 273:14-24 & Ex. E, 277:20-278:19 & Ex. D), described
2 herself as being covered by a "collective bargaining agreement" (see id. at 273:14-24 & Ex.
3 E), and sought to invoke her "Weingarten Rights"[2] (see id. at 273:14-24 & Ex. E, 277:20-
4 278:19 & Ex. D, 279:6-16 & Ex. C).  Singal was present at the deposition and actively
5 participated therein.  Moreover, Singal's above-referenced contentions were contradicted
6 by plaintiff's complaint, signed by Singal, which alleged that "[d]ue to union rules,
7 [d]efendants were required to find [p]laintiff new employment."  (See Compl. at ¶ 60); see
8 also Security Farms v. International Bhd. of Teamsters, Chauffers, Warehousemen &
9 Helpers, 124 F.3d 999, 1017 (9th Cir. 1997) (affirming grant of Rule 11 sanctions against
10 counsel for "fail[ure] to conduct a reasonable inquiry" into whether filed declarations were
11 "well grounded in fact" where declarations were contradicted by available sworn deposition
12 testimony).

13       Accordingly, to the extent defendants seek thereby an order imposing sanctions,
14 defendants' motion is hereby GRANTED.  As set forth below, the amount remains to be
15 determined.

16     **B.  Amount of Sanctions**

17       As noted, it was not until after Singal failed to file opposition that defendants, for the
18 first time, offered evidence as to the amount of attorneys' fees and costs sought and the
19 calculation thereof.  Given the timing of such additional filing, Singal has not had an
20 opportunity to challenge the evidence offered therein.  See Weissman, 179 F.3d at 1198
21 (requiring attorney be given adequate notice and opportunity to be heard).

22       Accordingly, the Court hereby DEFERS ruling as to the amount of sanctions and will
23 afford plaintiff leave to file a response to defendants' April 9, 2010 filing.  Plaintiff's
24 response shall be limited to the issue of the amount of sanctions; shall not exceed five

---

[2] "Under NLRB v J. Weingarten, 420 U.S. 251 (1975), employees represented by a union have the right to have a representative accompany them to a disciplinary interview." See In re IBM Corp., 341 N.L.R.B. 1288, 2004 WL 1335742, at *2 (NLRB 2004) (holding "Weingarten rights do not apply in a nonunion setting").

pages in length, exclusive of exhibits; and shall be filed no later than May 5, 2010, on which date the matter will stand submitted.

**IT IS SO ORDERED.**

Dated: April 21, 2010

MAXINE M. CHESNEY
United States District Judge